```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                        Index No.: 1:18-CV-11092-PGG
Rahul Manchanda,

                Plaintiff,             MOTION FOR SANCTIONS/CONTEMPT
                                        AGAINST DOUGLAS SENDEROFF
    -against-

Nicole Matties, Nicola Shapiro,
Douglas Senderoff, Roger Blank,
Aaron Minc, Daniel Powell, Matt
O'Buck, Sharie O'Buck, Kate Bose,
New York FBI, NYPD, Joe Hendrix,
Andre De Castro, Jamie Wozman, Mark
Anesh, Corey Cohen, A Michael Furman,
Paula Ashcraft.

                Defendants.
------------------------------------x
```

Undersigned counsel, on behalf of plaintiff, Rahul Manchanda, moves this Honorable Court to impose sanctions and hold in contempt Douglas Senderoff (other appearing and non-appearing defendants will be dealt with later after investigating their links) in accordance with the provisions of 28 U.S.C. § 1927, Rule 11, and FRCP 4, and in support thereof shows the Court the following:

1. On or about October 16, 2018, Plaintiff filed in the New York County Supreme Court in case index no 101501/2018, a Summons and Complaint requesting a Permanent Injunction and Damages against the above named defendants alleging unlawful trespass, extortion, blackmail, harassment, aggravated harassment, threats, intimidation, stalking, hacking, theft of documents and information, wiretapping, illegal and unauthorized audio and video recording of Plaintiff both inside and outside of his home and office, installation of eavesdropping/ virus/ malware software on his computers, laptops, I-Phone, and other technology, the deletion of his personal/ law firm/ business emails, the deletion of his personal/ law firm/ business voicemails, the deletion of his personal/ law firm/ business texts, and other damages pursuant to the Civil RICO statutes in joint and several liability, violating federal wiretapping laws, laws against extortion, laws against stalking, internet defamation/ slander/ libel of Plaintiff, illegal and unauthorized video and audio recording, securities fraud, and other causes of action. A copy of said Complaint

(which was amended 4 times) is attached hereto as **Exhibit 1** and is incorporated herein by reference.

2. Between October 16, 2018 to November 2, 2018, all above named co-defendants were duly served (either personally, via US Mail, or they actively evaded service based on recent correspondence with Plaintiff's process servers) with both the Summons and Complaint ("S&C"), as well as an Order to Show Cause ("OTSC") to appear on November 7, 2018 for a Temporary Restraining Order ("TRO") Hearing in front of NYS Supreme Court Judge Barbara Jaffe **(Exhibit 2)**.

3. On November 7, 2018, even though all defendants were duly served (either personally, via US Mail, or they actively evaded service based on recent correspondence with Plaintiff's process servers), only Jamie Wozman (then counsel for defendants Aaron Minc and Daniel Powell) and Corey Cohen (then counsel for Roger Blank) appeared in court, and Judge Barbara Jaffe was provided with the Affidavits of Service **(Exhibit 3)**.

4. However, co-defendants Nicole Matties, Nicole Shapiro, Douglas Senderoff, Kate Bose, Sharie O'Buck, Matthew O'Buck, Andre De Castro and Joe Hendrix, in open contemptuous and contumacious disregard for the court and service of process, did not either show up, or answer.

5. More egregiously, in open court on November 7, 2018 Attorneys Jamie Wozman and Corey Cohen stated that their co-defendant Douglas Senderoff did not appear because he was "seeking out counsel," thus proving that they were all in contact with one another, and possibly all colluded to selectively avoid appearing in court that day for the TRO Hearing - hence these new lawyers were added as co-conspirators and co-defendants in a later amended summons and complaint, and are upon information and belief being investigated by the Departmental Disciplinary Committee First Department and Federal Bureau of Investigation for this collusion.

6. Even more strangely, even though Judge Barbara Jaffe gave the appearing defendants until November 23, 2018 to respond to both the S&C and OTSC, she mysteriously and suspiciously again gave these appearing defendants another extension until December 7, 2018 to respond to both the S&C and OTSC.

6a. So egregious was Judge Barbara Jaffe's perceived judicial misconduct and bias due to the fact that she continued to allow all of this behavior by the non-appearing defendants to continue, that undersigned was forced to file several judicial misconduct complaints with the NYS Commission on Judicial Conduct against both her and her law clerks who facilitated this contumacious behavior of the non-appearing defendants, with undersigned almost filing a Notice of Appeal on her ill-conceived and misguided interim decisions, said complaints which are currently being investigated and pending.

**(Exhibit 4)**

7. Still, the non-appearing defendants named above, neither put in their notice of appearance, answered the summons and complaint, nor responded to the OTSC.

8. On or about November 28, 2018, appearing defendant NY FBI removed this action from NYS Supreme Court to this Federal US District Court via hard mail and ECF, again serving upon information and belief all of the other named co-defendants (appearing and non-appearing) with their Notice of Removal, as well as their letter motions and other pleadings.

9. The other appearing defendants (Wozman and Cohen) also filed and served their Notices of Appearance, also serving all defendants (appearing and non-appearing) via hard mail and ECF.

10. Other response letters and affidavits were also filed via ECF and hard mail by these appearing defendants, duly served to the non-appearing defendants.

11. Still, however, the non-appearing defendants named above were completely, totally, and wilfully silent, not either appearing, answering, or otherwise acknowledging service, several months after this litigation began.

12. In New York State, defendants have 20 days to either answer or appear if served in person in state, and 30 days if out of state.

13. It has now been almost 3 months since this action has began.

14. Non-Appearing Defendants Nicole Matties, Nicola Shapiro, Douglas Senderoff (changed January 2019), Kate Bose, Sharie O'Buck, Matthew O'Buck, Joe Hendrix and Andre De Castro have failed to put in a notice of appearance, plead, appear, or otherwise defend this action, and the Plaintiff is entitled to a judgment by default against these non-appearing defendants.

15. Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this Court is empowered to enter a default judgment against the non-appearing defendants for relief sought by plaintiff in its complaint and OTSC, and written notice of this action has been given to defendants as set forth in the attached affidavit.

16. On or about January 2, 2019, Douglas Senderoff wrote a letter to the court, as well as entered a Pro Se Notice of Appearance, wherein he actually declared that (1) he never knew about this action until now; (2) that he wanted an extension of time; (3) that he had been speaking with and obtaining legal advice from several of the appearing defendants including USDOJ/FBI lawyer Danielle Judith Levine; (4) that

he acknowledged that his own lawyers who had originally threatened Plaintiff with extortion had been sued in October 2018 and were now his co-defendants; (5) other indications of bad faith, falsehoods, delay tactics, and perjury, all indicating a gross pattern of contumacious behavior and lack of respect for the rule of law, strict time frames needed for either answering or otherwise appearing in an action, and other bad acts.

## ANALYSIS

### Rule 11 Sanctions

17. First, Rule 11(b)(1) requires that the papers not be presented for an improper purpose.

18. Prohibited improper purposes include harassment, unnecessary delay, and the needless increase in the cost of litigation.[1]

19. Despite the subjective connotation of "improper purpose," most courts agree that the test is an objective one based upon a totality of the circumstances at the time the paper is filed.[2]

20. Courts adhering to the objective test will look to "objective indicators of purpose from which to infer improper purpose".[3]

### 28 U.S.C. § 1927

21. Another basis for sanctions lies in 28 U.S.C. § 1927, which serves "to deter unnecessary delays in litigation."[4]

### The Inherent Power of the Court

22. The sanctioning power of the federal courts "is not limited to what is enumerated in statutes or in the rules of civil procedure."[5]

23. Federal courts have the inherent power to punish persons who abuse

---

[1] Fed. R. Civ. P. 11(b)(1). This list is not exclusive. Actions intended to embarrass an opposing party may, for example, be sanctionable under Fed. R. Civ. P. 11(b)(1). See Whitehead v. Food Max of Mississippi, 332 F.3d 796, 807 (5th Cir.) (en banc), cert. denied, 540 U.S. 1047 (2003). So may actions filed to make a political point. See Saltany v. Reagan, 886 F.2d 438, 440 (D.C. Cir. 1989); but see Sussman v. Bank of Israel, 56 F.3d 450, 459 (2d Cir. 1995) (exerting pressure by generating adverse publicity is not an improper purpose), cert. denied 516 U.S. 916 (1995).

[2] See FDIC v. MAXXAM, Incorporated, 523 F.3d 566, 581 (5th Cir. 2008); G.C. & K.B. Investments, Incorporated v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003); Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000).

[3] See Jerold S. Solovy et al., Sanctions Under Rule 11: A Cross-Circuit Comparison, 37 Loy. L.A. Rev. 727, 729 (2004); MAXXAM, 523 F.3d at 581.

[4] Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986) (internal citations omitted).

[5] See Hart, supra note 1, at 653.

the judicial process.

24. The inherent power of the court is an "implied power squeezed from the need to make the courts function."[6]

25. Rule 11 and § 1927 do not displace the court's inherent power, but instead they exist concurrently.[7]

26. The inherent power to sanction is broad.(Id.)

27. The scope of the power reaches "any abuse" of the judicial process. (Id. At 44).

28. This includes the authority to sanction for conduct that occurs outside of the courtroom and is not limited to attorneys or parties.[8]

29. Courts also have broad discretion to determine the appropriate sanction to be imposed.[9]

30. Sanctions in this situation are "limited to those cases where the litigant has engaged in bad-faith conduct or willful disobedience"[10].

## Ghostwriting

31. As increasing numbers of litigants proceed pro se, many lawyers and legal offices offer "unbundled legal services" also known as limited scope representation.[11]

32. One such service is ghostwriting, which occurs when an attorney prepares documents for filing by a party who otherwise appears unrepresented in the litigation.[12]

---

[6] Chambers, 501 U.S. 32, 42 (1991) (quoting NASCO, Inc. v. Calcasieu Television & Radio, Inc., 894 F.2d 696, 702 (5th Cir. 1990)).

[7] Id. at 46, 49 ("The Court's prior cases have indicated that the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct."). But see Peer, 606 F.3d at 1315 ("Generally, if appropriate sanctions can be imposed under provisions such as Rule 11, courts should not exercise their inherent power.").

[8] See id. at 46, 57 ("As long as a party receives an appropriate hearing . . . the party may be sanctioned for abuses of process occurring beyond the courtroom . . . .").

[9] See id. at 44-45. See Stalley v. Mountain States Health Alliance, 644 F.3d 349, 352 (6th Cir. 2011) (monetary sanction can exceed amount needed for deterrence). However, the court should account for the sanctioned party's ability to pay the monetary sanction. Martin v. Automobili Lamborghini Exclusive, Incorporated, 307 F.3d 1332, 1337 (11th Cir. 2002).

[10] Chambers, 501 U.S. at 45; Ali v. Tolbert, 636 F.3d 622, 627 (D.C. Cir. 2011); Amlong & Amlong, 500 F.3d at 1251. But see United States v. Seltzer, 227 F.3d 36, 40-42 (2d Cir. 2000) (distinguishing between sanctioning attorneys as officers of court, which does not require bad faith, and attorneys in their capacity as counsel for clients, which does).

[11] See Jeffrey P. Justman, Capturing The Ghost: Expanding Federal Rule of Civil Procedure 11 To Solve Procedural Concerns With Ghostwriting, 92 Minn. L. Rev. 1246, 1252 (2008).

[12] Model Rules of Prof'l Conduct 1.2(c).

33. Courts and bar ethics committees have criticized the practice as duping courts into giving pro se litigants undeserved leniency and allowing attorneys to avoid procedural rules and ethical obligations.[13]

34. Ghostwriting therefore raises both ethical and procedural concerns.[14]

**PRAYER**

**WHEREFORE**, plaintiff prays that this Court enter a judgment of sanctions/contempt of court, costs and fees, against Douglas Senderoff as well as default judgment against him, along with non-appearing defendants Nicole Matties, Nicola Shapiro, Douglas Senderoff, Kate Bose, Sharie O'Buck, Matthew O'Buck, Joe Hendrix and Andre De Castro, their aides and assigns, and furthermore that they all be permanently (1) precluded from further answering or offering testimony and (2) enjoined and restrained from in any way further unlawfully trespassing against, threatening, stalking, harassing, extorting, blackmailing, wiretapping, hacking, video and audio recording, contacting, communicating, emailing, texting, or using any and all obtained information through the herein described means in order to harass, stalk, trespass, threaten, extort, blackmail, obtain money from, sue, annoy, alarm Plaintiff in any manner, in any capacity, consistent with the complaint filed herein.

**AFFIDAVIT**

Undersigned counsel/plaintiff does hereby certify that the statements and allegations set forth in the foregoing Motion are true and accurate to the best of his knowledge and belief.

Dated:   New York, NY
         January 4, 2019

_____
Rahul Manchanda, Esq.
30 Wall Street, 8th Floor
New York, NY 10005
Tel: (212) 968-8600
Fax: (212) 968-8601
Email: info@manchanda-law.com

---

[13] See, e.g., Michael W. Loudenslager, Giving Up The Ghost: A Proposal For Dealing With Attorney "Ghostwriting" of Pro se Litigants' Court Documents Through Explicit Rules Requiring Disclosure And Allowing Limited Appearances For Such Attorneys, 92 Marq. L. Rev. 103 (2008).

[14] Johnson v. Board of County Commissioners, 868 F. Supp. 1226 (D. Colo. 1994), cert. denied sub nom., Greer v. Kane, 519 U.S. 1042 (1996).