UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAHUL MANCHANDA,

               Plaintiff,

     v.

NICOLE MATTIES, NICOLA SHAPIRO, DOUGLAS SENDEROFF, ROGER BLANK, AARON MINC, DANIEL POWELL, MATT O'BUCK, SHARIE O'BUCK, KATE BOSE, NEW YORK FBI, NYPD, JOE HENDRIX, ANDRE DE CASTRO, JAMIE WOZMAN, MARK ANESH, COREY COHEN, A. MICHAEL FURMAN, and PAULA ASHCRAFT,

               Defendants.

**ORDER**

18 Civ. 11092 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      In this action, pro se Plaintiff Rahul Manchanda – an attorney – alleges, inter alia, that Defendants sent him a letter threatening to "leak/release" "illegally obtained information" to the public if Plaintiff did not pay them $300,000 in cash.  (Fourth Am. Cmplt. (Dkt. No. 6) at 2, 5)  For the reasons set forth below, the Complaint will be dismissed sua sponte.

## BACKGROUND

### I.    PLAINTIFF'S ALLEGATIONS

      Plaintiff is an attorney who resides and practices in New York.  (Fourth Am. Cmplt. (Dkt. No. 6) at 1-2)  He alleges that Defendants Nicole Matties, Nicola Shapiro, Douglas Senderoff, Roger Blank, Aaron Minc, Daniel Powell, Matt O'Buck, Sharie O'Buck, Kate Bose, New York Federal Bureau of Investigation ("FBI"), the New York City Police Department ("NYPD"), Joe Hendrix, Andre De Castro, Jamie Wozman, Mark Anesh, Corey Cohen, A.

Michael Furman, and Paula Ashcraft "have written to Plaintiff that he had only 7 days from October 5, 2018 to pay them $300,000 in cash otherwise they would leak/release illegally obtained information and audio/video recordings . . . to the public in order to terrorize, blackmail, extort, threaten, humiliate, embarrass, and harass the Plaintiff and his family and business." (Id. at 2)  Although Plaintiff filed approximately two hundred pages of exhibits in conjunction with the Fourth Amended Complaint, see Dkt. Nos. 6-1, 6-2, 6-3, 6-4, he did not provide a copy of the alleged extortionate correspondence.

Plaintiff does not explain who many of the named defendants are, or what role they played in making the alleged extortionate demand.  (See Fourth Am. Cmplt. (Dkt. No. 6))  Defendant Sharie O'Buck is described as Plaintiff's "ex[-]wife," and Defendant Matt O'Buck is described as "her husband." (Id. at 6)  Defendants Joe Hendrix and Andre De Castro "admitted to knowing and doing business with co-defendant Nicola Shapiro for 10 or more years, and suspiciously 'introduced' Plaintiff to arch-criminals Nicole Matties and Nicola Shapiro. . . ." (Id. at 4)  Hendrix and De Castro also "defrauded and physically threatened undersigned Plaintiff of $20,000 in an elaborate Securities Fraud scam. . . ." (Id.)

Plaintiff had a "1 year[]long live-in relationship . . . with Nicole Matties[,] . . . [who was] a high[-]class prostitute forced to work for Nicola Shapiro." (Id. at 6-7)  Defendant Aaron Minc reportedly "counseled and advised" Plaintiff "over the past 5 years." (Id. at 8)

Defendants Jamie Wozman, Mark Anesh, Corey Cohen, A. Michael Furman, and Paula Ashcraft allegedly "conspired with the other defendants to purposefully, criminally, illegally, and unethically encourage the other defendants to openly and in contempt of court not appear for the TRO Hearing on November 7, 2018 at 9:30 AM in front of the Hon[.] Judge

Barbara Jaffe at 60 Centre Street, Room 341, New York[,] N[.]Y[.], and also sabotaged service of process . . . for that TRO court date . . . ."  (Id. at 5)

The "New York Field Office of the FBI" and the NYPD "active[ly] coach[ed] . . . some or all of the other defendants," "contributed to this blackmail/hacking/extortion operation," and "may have in fact created it under the super aggressive and corrupt practices of the now outlawed FBI/DOJ COINTELPRO program. . . ."  (Id. at 4)

Plaintiff requests

> a Temporary Restraining Order ("TRO") and Permanent Injunction preventing Defendants from in any way further threatening, harassing, extorting, blackmailing, wiretapping, hacking, video and audio recording, contacting, communicating, emailing, texting, or using any and all illegally obtained information through the herein described illegal means in order to harass, threaten, extort, blackmail, obtain money from, sue, annoy, alarm Plaintiff in any manner in any capacity, pending a hearing on the Merits and the conclusion of the above[-]referenced federal/state/local investigations.

(Id. at 2)  Plaintiff also seeks $100 million in compensatory and punitive damages.  (Id. at 10)

## II.   PROCEDURAL HISTORY

The Third Amended Complaint was filed on October 31, 2018, in Supreme Court of the State of New York, New York County.  (Notice of Removal (Dkt. No. 3) at 2)  On November 28, 2018, Defendant FBI removed the action to this District.  (See Notice of Removal (Dkt. No. 3))[1]  That same day, Plaintiff filed the Fourth Amended Complaint, which adds Wozman, Anesh, Cohen, Furman, and Ashcraft as defendants.  (Fourth Am. Cmplt. (Dkt. No. 6))[2]

---

[1] The FBI's November 28, 2018 filing was defective, and the Bureau re-filed its notice of removal on November 29, 2018.  (See Notice of Removal (Dkt. No. 1); Notice of Removal (Dkt. No. 3))

[2] Plaintiff's November 28, 2018 filing was defective.  Accordingly, Plaintiff re-filed the Fourth Amended Complaint on November 29, 2018.  (See Fourth Am. Cmplt. (Dkt. No. 2); Fourth Am.

On February 1, 2019, a stipulation of voluntary dismissal with prejudice was filed as to Defendants FBI, Blank, Minc, Powell, Wozman, Anesh, Cohen, and Furman. (Stip. (Dkt. No. 68)) Plaintiff was then represented by counsel. (Id. at 3) The stipulation states that "Plaintiff, his counsel, and counsel for Defendants FBI, Roger Blank, Aaron Minc, Daniel Powell, Jamie Wozman, Mark Anesh, Corey Cohen, [and] A. Michael Furman" "stipulate[] and agree[]" that "[p]ursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff voluntarily dismisses the Federal Action, with prejudice, which includes all underlying complaints filed in the NYS Supreme Court Action, with each party to bear its own fees and costs." (Id. at 2) The stipulation was signed by Plaintiff, Plaintiff's counsel, and counsel for Defendants FBI, Blank, Minc, Powell, Wozman, Anesh, Cohen, and Furman.3 (Id. at 3-4) On February 4, 2019, this Court "so ordered" the stipulation of voluntary dismissal with prejudice, and the Court's order was entered on the docket on February 5, 2019. (Feb. 5, 2019 Order (Dkt. No. 70))

On March 21, 2019, Plaintiff filed two letter motions.4 The first letter asked that the case be reopened (Mar. 31, 2020 Pltf. Ltr. (Dkt. No. 71)), and the second letter was submitted in support of the request to reopen the case. (Mar. 21, 2020 Pltf. Ltr. (Dkt. No. 72)). That same day, Plaintiff filed a "Notice of Motion to Add Attorneys David Lin and Justin Mercer as

---

Cmplt. (Dkt. No. 6))  The second filing was likewise defective, but Plaintiff has not re-filed the pleading.

3 Defendants FBI, Blank, Cohen, Furman, Minc, Powell, Anesh, Wozman, Senderoff, Sharie O'Buck, and Matt O'Buck appeared in this action. (See Nov. 29, 2018 Notice of Removal (Dkt. No. 3); Nov. 29, 2018 Cohen Notice of Appearance (Dkt. No. 7) (on behalf of Cohen, Blank, and Furman); Nov. 30, 2018 Wozman Notice of Appearance (Dkt. No. 9) (on behalf of Anesh); Nov. 30, 2018 Wozman Notice of Appearance (Dkt. No. 10) (on behalf of Minc, Powell, Wozman); Jan. 2, 2019 Senderoff Pro Se Notice of Appearance (Dkt. No. 44); Apr. 4, 2019 Mercer Notice of Appearance (Dkt. No. 78) (on behalf of Senderoff); Feb. 1, 2019 Sharie O'Buck Pro Se Notice of Appearance (Dkt. No. 66); Feb. 1, 2019 Matt O'Buck Pro Se Notice of Appearance (Dkt. No. 67))
Defendants NYPD, Matties, Shapiro, Bose, Hendrix, De Castro, and Ashcraft have not appeared.
4 Although both motions are dated February 2, 2019, they were not filed until March 21, 2019. (See Dkt. Nos. 71, 72)

Defendants," along with an accompanying affirmation. (Notice of Mot. to Add Defendants (Dkt. No. 73); Manchanda Aff. (Dkt. No. 74)) On March 23, 2019, Plaintiff filed an additional letter motion in support of his application to reopen the case. (Mar. 23, 2020 Pltf. Ltr. (Dkt. No. 76)) Defendant Senderoff filed an opposition to the motion to reopen on April 4, 2019. (Senderoff Br. (Dkt. No. 77)) The next day, Plaintiff filed a reply. (Apr. 5, 2019 Pltf. Ltr. (Dkt. No. 79))

### III. PLAINTIFF'S LITIGATION HISTORY

In recent years, numerous lawsuits brought by Plaintiff have been dismissed as frivolous. See, e.g., Manchanda v. Emons, No. 3:17-CV-127 (VLB), 2017 WL 810278 (D. Conn. March 1, 2017); Manchanda v. Richardson, No. 15 Civ. 4657 (GBD), Dkt. No. 5 (S.D.N.Y. Jul. 21, 2015); Manchanda v. Bose, et al., No. 15 Civ. 2313 (VSB), Dkt. No. 3 (S.D.N.Y. Apr. 16, 2015); Manchanda v. Bose, et al., No. 14 Civ. 9658 (LGS), 2015 WL 81998 (S.D.N.Y. Jan. 6, 2015); Manchanda v. Weir-Reeves, et al., No. 13 Civ. 5937 (PAE), Dkt. No. 6 (S.D.N.Y. September 6, 2013). A number of these dismissed cases were brought against one or more of the named defendants in the instant action. See, e.g., Manchanda v. Richardson, 15 Civ. 4657 (GBD), Dkt. No. 5 (S.D.N.Y. Jul. 21, 2015); Manchanda v. Bose, et al., No. 15 Civ. 2313 (VSB), Dkt. No. 3 (S.D.N.Y. Apr. 16, 2015); Manchanda v. Bose, et al., No. 14 Civ. 9658, 2015 WL 81998 (S.D.N.Y. Jan. 6, 2015).

Plaintiff has repeatedly been warned that he will be barred from filing suit in this District if he continues to file frivolous actions. See Manchanda v. Rosenberry, et al., No. 16 Civ. 2218 (ALC), Dkt. No. 26 (S.D.N.Y. Dec. 27, 2016) (dismissing Manchanda's federal claims, remanding to state court, and "remind[ing] Mr. Manchanda one last time that he will be barred from filing suit in this Court if he continues to file frivolous actions"); Manchanda v. Bose, et al., No. 15 Civ. 2313 (VSB), Dkt. No. 3 (S.D.N.Y. Apr. 16, 2015) ("[Manchanda] is

5

warned that the continued filing of frivolous or meritless lawsuits will result in an order barring Plaintiff from filing any new action in this Court without prior permission. See 28 U.S.C. § 1651. This warning is necessary in light of Plaintiff's continu[ed] filing of these types of frivolous and meritless submissions."); see also Manchanda v. Emons, No. 17 Civ. 127 (VLB), Dkt. No. 39 (D. Conn. Mar. 28, 2017) ("ORDER denying [Dkt. No.] 37 Motion for Contempt. The Court will impose sanctions if any further motions are filed in this case prior to completion of the appeal to the Second Circuit Court of Appeals. The Court will also file with the grievance committee of the Bar of the State of New York the pleadings filed in this case if the plaintiff continues to file frivolous motions and pleadings. Signed by Judge Vanessa L. Bryant on 03/28/17.").

Plaintiff has also voluntarily dismissed several lawsuits in the past, and then sought to reinstate them, as he does here. See, e.g., Manchanda v. Branford Police Dep't, et al., 19 Civ. 9673 (DLC), Dkt. No. 8 (S.D.N.Y. Jan. 17, 2020); Manchanda v. NYC Admin.for Children's Services., et al., 12 Civ. 8046 (LAK), Dkt. No. 23 (S.D.N.Y. Sept. 3, 2013).

## DISCUSSION

### I. APPLICABLE LAW

A court has the authority to dismiss a frivolous complaint on its own motion. Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) ("hold[ing] that district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances")); Milner v. New York, No. 19-CV-11854 (CM), 2020 WL 419311, at *1 (S.D.N.Y. Jan. 27, 2020) ("The Court has the authority to dismiss a complaint, even when the

6

plaintiff has paid the relevant fees, if it determines that the action is frivolous."); Moore v. United States of America / U.S. Congress, No. 20 Civ. 916 (GBD), 2020 WL 589339, at *1 (S.D.N.Y. Feb. 6, 2020) (same).  A claim is "frivolous when either:  (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."  Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted); see also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); Neitzke v. Williams, 490 U.S. 319, 324-35 (1989) (a claim is frivolous when it lacks an arguable basis either "in law or in fact"), abrogated on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and 28 U.S.C. § 1915.

> While, as a general matter, a district court is "obligated to construe a pro se complaint liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), with "special solicitude," and to interpret a pro se complaint to raise the "strongest [claims] that [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted), "a lawyer representing himself ordinarily receives no such solicitude at all." Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010); Holtz v. Rockefeller & Co., 258 F.3d 62, 82 n.4 (2d Cir. 2001).

## II.     ANALYSIS

> To the extent that Plaintiff seeks to reopen as to the defendants that are the subject of the stipulation of dismissal (Dkt. No. 70), his application is denied.  Dismissal was with prejudice, and Plaintiff has offered no valid basis for reviving his claims.

Even absent the prior stipulation of dismissal, the Fourth Amended Complaint would be dismissed. The Fourth Amended Complaint does not adequately plead any claim, whether federal or state. Indeed, Plaintiff's claim that these disparate agencies and individuals conspired to extort him is fantastical.

Given that (1) five complaints have already been filed in this action; (2) the allegations in the most recent complaint are fantastical; and (3) Plaintiff has a long history of filing frivolous actions, dismissal will be without leave to amend. See Hill v. Curcione, 657 F.3d 116, 123–24 (2d Cir. 2011) ("Where a proposed amendment would be futile, leave to amend need not be given."); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he court has . . . [the] power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible . . . or where the substance of the claim pleaded is frivolous on its face.").

## CONCLUSION

For the reasons stated above, Plaintiff's motions to reopen (Dkt. No. 71) and to add defendants (Dkt. No. 73) are denied. The Fourth Amended Complaint is dismissed without leave to amend. The Clerk of Court is directed to enter judgment and to close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: New York, New York
April 22, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge